**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GERARDO MARTINEZ ROMERO,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 5:26-cv-02955-ACCV

**ORDER GRANTING PETITION**

## I.   INTRODUCTION

Petitioner Gerardo Martinez Romero (A Number 095-638-291) ("Petitioner") is an immigration detainee in custody at the Adelanto detention center. (Dkt. 1 at 10.) Petitioner resided continuously in the United States for more than twenty-two years before he was detained on April 22, 2026, by immigration authorities and placed in removal proceedings on May 18, 2026. (*Id.*) Petitioner challenges his detention under the Administrative Procedure Act ("APA"), the Due Process Clause, and the Immigration and Nationality Act ("INA"). (*Id.* at 11–13.)

For the reasons discussed below, the Court grants the Petition.

/ / /

/ / /

## II.   FACTS AND PROCEDURAL HISTORY

Petitioner has lived continuously in the United States for over twenty-two years.  (*Id.* at 4.)  Petitioner entered the United States without inspection.  (*Id.* at 2, 4.)  On April 22, 2026, Petitioner was detained by immigration officials.  (*Id.* at 2, 10.)  Petitioner requested a bond redetermination, but such request was denied on jurisdictional grounds on May 20, 2026.  (*Id.* at 3, 20.)

On May 29, 2026, Petitioner filed his Petition for Writ of Habeas Corpus ("Petition").  (*Id.*)  Petitioner argues his detention violates the INA, specifically 8 U.S.C. § 1226(a), for the unlawful denial of a bond hearing; the APA for unlawful denial of bond; and the Fifth Amendment's due process protections.  (*Id.* at 11–13.)  Petitioner also argues that Respondents' refusal to provide Petitioner with a bond hearing violates *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) ("*Bautista*").  (*Id.* at 13.)  Petitioner requests, *inter alia*, that the Court grant the Petition requiring Respondents to release Petitioner or provide an individualized bond hearing before the Immigration Court pursuant to 8 U.S.C. § 1226(a), within seven days, in which the government bears the burden to show by clear and convincing evidence that Petitioner is a danger to the community or flight risk to justify continued detention.  (*Id.* at 13–14.)  Petitioner also seeks a declaration that Respondents violated his due process rights, the INA, and the APA by refusing to allow Petitioner a bond redetermination hearing.  (*Id.* at 13.)

Respondents filed an Answer to the Petition on June 8, 2026.  (Dkt. 8.)  Respondents assert that Petitioner is not entitled to immediate release.  (*Id.* at 2–3.)  Instead, Respondents state that Petitioner appears to be eligible for a bond hearing under the reasoning of *Bautista*.  (*Id.*)  Respondents concede that Petitioner's action "is subject to the *Bautista* judgment[.]"  (*Id.* at 2.)  Petitioner did not file a

reply which was due June 11, 2026.

## III.   DISCUSSION

Petitioner argues that his ongoing confinement violates due process, the APA, and the INA.  Consistent with recent decisions by this District and others, and the parties' agreement, the Court finds that Petitioner is a *Bautista* bond eligible class member.  Therefore, the Court grants the Petition and orders a bond hearing pursuant to *Bautista*.  Petitioner's remaining claims are dismissed as moot.

The certified class in *Bautista* is "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  *Bautista*, 813 F. Supp. 3d at 1127.  Here, Petitioner is charged with entering the United States without inspection, does not appear to have been apprehended and paroled upon his arrival in the United States, and as such, the Department of Homeland Security cannot have made an initial custody determination that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.  (Dkt. 1 at 2, 4.)  Respondents state in their Answer that they "acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it."  (Dkt. 8 at 2.)  Given the foregoing, and the parties' agreement, the Court finds that Petitioner is a member of the *Bautista* Bond Eligible Class.

As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning in *Bautista*, the Court grants the Petition for the reasons stated in the orders in *Bautista* and the reasoning above.  *See Bautista*, 813 F. Supp. 3d at 1100–1128.

## IV.   ORDER

For the foregoing reasons, IT IS ORDERED that: (1) the Petition is granted as to Petitioner's request for a hearing pursuant to *Bautista*; (2) Respondents must provide Petitioner Gerardo Martinez Romero (A-Number 095-638-291) an individualized bond hearing before an immigration judge within seven (7) days or otherwise release Petitioner from custody under the same conditions that existed before Petitioner's detention; and (3) Petitioner's other claims are dismissed as moot.

DATED: July 7, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

4